UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHNED FLAIFEL,

Plaintiff,

-against-

NEW YORK CITY, EDWARD CABAN, in his official capacity, and HUGH BOGLE, in his personal capacity,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/30/2026___

24-CV-06838 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

This is a § 1983 lawsuit seeking damages, injunctive relief, and a declaration that parts of New York City's gun licensing regime violate the Second Amendment.  Plaintiff is Mohned Flaifel, who applied for and was denied a license to carry a concealed weapon in New York City. Defendants are (i) the City of New York; (ii) Edward Caban, the then-Commissioner of the New York City Police Department (sued in his official capacity); and (iii) Hugh Bogle, the Commanding Officer of the License Division (sued in his individual capacity).  Presently before the Court are Defendants' motion to dismiss and Plaintiff's motion for a preliminary injunction. For the following reasons, the motion to dismiss is GRANTED IN PART, and the motion for a preliminary injunction is DENIED.

**BACKGROUND**

I.    **STATUTORY AND REGULATORY CONTEXT**

New York State requires an individual who wishes to carry a firearm outside his or her home to obtain a license.  Section 400.00(1) of New York's Penal Law addresses eligibility for

1

firearm licenses and provides that no concealed carry firearm license shall issue except to an applicant of "good moral character."

Local governments in New York may establish more restrictive licensing requirements than the State. *See* N.Y. Penal L. § 400.00(6). Where such requirements exist, an individual must apply for a special license to carry a concealed firearm in that locality (a "Special License"). New York City is one such locality.

Section 5-10 of Title 38 of the Rules of the City of New York (the "City Rule") provides criteria unique to New York City for assessing if an applicant meets the "good moral character" requirement. 38 RCNY § 5-10. Four of those criteria are relevant to this action. They are:

> (a) The applicant has been arrested, indicted or convicted for a crime or violation except minor traffic violations, in any federal, state or local jurisdiction.
>
> (g) The applicant has a history of one or more incidents of domestic violence.
>
> (h) The applicant has a poor driving history, has multiple driver license suspensions or has been declared a scofflaw by the New York State Department of Motor Vehicles.
>
> (n) Other information that demonstrates the lack of good moral character, including but not limited to an unwillingness to abide by the law, a lack of candor towards lawful authorities, a lack of concern for the safety of oneself and/or other persons and/or for public safety, and/or an inability to maintain handgun possession in a manner that is safe to oneself or others.

38 RCNY §§ 5-10(a), (g), (h), (n). The Court refers to these provisions as Subsection A, Subsection G, Subsection H, and Subsection N, respectively. The Police Commissioner of the New York City Police Department is "the statutory licensing authority for the five boroughs comprising New York City." Dkt. No. 1 ("Compl.") ¶ 7. The Commissioner delegates this authority to the Commanding Officer of the License Division, who has final say on whether to grant or deny an application for a Special License. *Id.* ¶ 9.

2

## II.     RELEVANT FACTS[1]

Plaintiff is a resident of Westchester County, which is in New York State but outside New York City.  Compl. ¶ 1.  He holds a New York State concealed carry license.  *Id.* ¶ 36.  He applied for a New York City Special License because he owns businesses in New York City and wanted to be able to carry a concealed weapon when he traveled to and from those businesses.  *Id.* ¶¶ 42, 46.  Plaintiff received a notice of disapproval (the "Notice") stating Bogle denied his application under Subsections A, G, and N.  *Id.* ¶¶ 47, 50; Dkt. No. 1-1.  No party disputes that the Notice's reference to Subsection G (history of domestic violence) was a typo and the intended reference was to Subsection H (poor driving history).  Compl. ¶ 51.  The Notice provided the following reasons for denying Plaintiff's application: a 2012 summons for "Noise (Unreasonable)"; 2012 and 2015 arrests for aggravated unlicensed operation of a motor vehicle; and a "driving history" of 4 accidents between 2010–2023, 18 convictions for motor vehicle violations between 2010–2024, and 54 license suspensions between 2011–2024.  Dkt. No. 1-1.  The Notice informed Plaintiff he could administratively appeal the decision within ninety (90) days.  *Id.*  Plaintiff contends the denial of his special permit application "under subsections (a), (h), and (n) are all grounded in [his] driving history."  Compl. ¶ 63.

## III.     PROCEDURAL HISTORY

Plaintiff filed this lawsuit on September 10, 2024.  Compl.  His complaint alleges the denial of his Special License application violated his Second Amendment rights.  *Id.* ¶ 2.  It seeks a declaration that Subsections A, H, and N are unconstitutional, a preliminary and

---

[1] The following facts are taken from the complaint, documents appended to the complaint, or Defendants' filings. *United States ex rel Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021).  Facts taken from Defendants' filings are considered only for purposes of assessing standing and mootness where jurisdictional facts are placed in dispute. *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022).

3

permanent injunction enjoining their enforcement, and punitive and compensatory damages. *Id.* at 17. With the complaint, Plaintiff filed a proposed order requiring Defendants to show cause why a preliminary injunction should not issue barring the enforcement of Subsections A, H, and N during the pendency of this matter. *See* Dkt. No. 4 & 4-5.

On September 20, 2024, Defendants sent Plaintiff a revised notice of disapproval (the "Revised Notice"). Dkt. No. 17-1. It clarifies that Bogle denied Plaintiff's application for a Special License solely under Subsection H (driving history) and omits reference to Subsections A, G, and N. *Id.* at 1. Like the Notice, the Revised Notice specified Plaintiff could administratively appeal the denial. *Id.* at 2.

Defendants then responded to the complaint by moving to dismiss. In the motion, Defendants make three arguments. First, they argue Plaintiff's claim is not ripe because he did not administratively appeal the denial of his Special License application. Dkt. No. 18 ("Mot.") at 4–6. Second, they argue Plaintiff lacks standing to challenge subsections A and N because the Revised Notice clarifies Bogle denied the application under Subsection H, only. *Id.* at 6–7. Third and last, they argue the Court should dismiss Bogle because Bogle has qualified immunity and Plaintiff sues him only in his personal capacity. *Id.* at 7–8.

In opposition, Plaintiff argues Section 1983 has no exhaustion requirement and the Penal Law preempts New York City's licensing laws. Dkt. No. 23 ("Opp.") at 4–6. Next, Plaintiff argues he maintains standing to challenge Subsections A and N notwithstanding the Revised Notice, because it was provided after the complaint had been filed. *Id.* at 7–9. Plaintiff further alleges the Revised Notice is "fraudulent" and asks the Court to sanction Defendants for attempting to introduce it. *Id.* at 9–11. Last, he argues Bogle is not entitled to qualified

immunity because it is clearly established that the City Rule and Subsections are unconstitutional. *Id.* at 11–13.

## DISCUSSION

### I.    LEGAL STANDARD ON A MOTION TO DISMISS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).[2] A 12(b)(1) motion can raise either a facial challenge or a factual challenge. *Carter v. Healthport Tech., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). A facial challenge disputes whether a complaint's facts, accepted as true, show a plaintiff has standing. A court addressing such a challenge "must accept as true all material allegations of the complaint" and "must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). A factual challenge, meanwhile, disputes the facts that otherwise establish standing. *See Carter*, 822 F.3d at 57. A defendant raising a fact-based 12(b)(1) motion may proffer evidence outside the record. *Id.* "If the extrinsic evidence presented by the defendant is material and controverted, the district court will need to make findings of fact in aid of its decision as to standing." *Id.* Regardless of the type of challenge, a district court has "broad discretion when determining how to consider challenges" under Rule 12(b)(1). *Harty*, 28 F.4th at 441.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  The Court must assume all well-pled facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) ("[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party.").  However, the Court need not accept conclusory assertions. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021).

## II.   DEFENDANTS' MOTION TO DISMISS IS GRANTED IN PART

### A. This Action is Ripe for Adjudication

Defendants argue Plaintiff's challenge is not ripe because Plaintiff has not exhausted the appeal process specified in either the Notice or Revised Notice.  Plaintiff responds that a litigant bringing a Section 1983 action does not need to exhaust.

The Court agrees with Plaintiff.  To establish standing and ripeness under Section 1983, it suffices that Plaintiff applied for and was denied a license, even if he did not exhaust the administrative appeals process described in the Notice or Revised Notice.  Article III courts "have an independent obligation to confirm [their] jurisdiction" and "must always address questions of standing," even if no party has raised the issue. *Doe v. Hochul*, 139 F.4th 165, 176 (2d Cir. 2025).  In *Frey v. Nigrelli*, two plaintiffs challenged several aspects of New York's firearm licensing regime.  661 F. Supp. 3d 176 (S.D.N.Y. 2023).  One plaintiff was denied a Special License, although there was no allegation he appealed that decision. *Id.* at 185.  Another plaintiff was denied a "full carry" license and did not seek administrative review. *Id.* Tellingly,

6

neither the district court nor the Second Circuit on appeal in *Frey v. Nigrelli* addressed whether the plaintiffs' failure to administratively exhaust affected standing. *See generally Frey v. Nigrelli*, 157 F.4th 118 (2d Cir. 2025) (making no mention of administrative exhaustion or whether the plaintiffs needed to pursue an administrative appeal). This omission provides a strong indication that an administrative appeal is not necessary for a plaintiff to have standing to challenge the denial of a firearm-related license. Furthermore, "[a]s the Supreme Court has clearly held, the 'exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action [under] § 1983.'" *Wilbur v. Harris*, 53 F.3d 542, 544 (2d Cir. 1995) (quoting *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982)).[3]

### B. Plaintiff Has Standing to Challenge Subsections A and N

Defendants next argue that the Revised Notice deprives Plaintiff of standing to challenge the constitutionality of Subsections A and N, because it clarifies that Bogle denied Plaintiff's application solely under Subsection H. Defendants' argument confuses "standing doctrine" and "mootness doctrine." The former "determines whether a plaintiff has a personal stake in the litigation when the complaint is filed," while the latter "determines what to do if an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation after its initiation." *Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 954 F. 3d 118, 126 (2d Cir. 2020). Consistent with this distinction, while "[p]ost-filing changes in circumstance cannot deprive a plaintiff of standing," such changes can render a case or issue moot. *Doe v. McDonald*, 128 F.4th 379, 385 (2d Cir. 2025). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues

---

[3] Plaintiff separately argued the State's gun licensing laws preempt New York City licensing requirements. The plain text of the New York Penal Law and Second Circuit precedent foreclose this argument. N.Y. Penal § 400.00.(6); *Frey*, 157 F.4th at 140–43.

presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

Defendants issued the Revised Notice after Plaintiff filed his complaint. Therefore, the Revised Notice cannot extinguish Plaintiff's *standing* to challenge the constitutionality of Subsections A and N. *See McDonald*, 128 F.4th at 385. The Court will not dismiss the complaint for lack of standing. Defendants have a strong argument, however, that the Revised Notice has mooted these challenges such that there is "no longer a case or controversy" as to them within the meaning of Article III. *Already, LLC*, 568 U.S. at 91. The parties have not briefed this issue, and thus Plaintiff has had no opportunity to respond. Accordingly, the Court will order additional briefing and permit Defendants to file a supplemental motion to dismiss limited to the question of mootness.

Separately, the Court denies Plaintiff's motion for sanctions, which borders on frivolous. There is no basis for asserting the Revised Notice is "fraudulent." An administrative agency may correct documents that are erroneous, and a defendant challenging jurisdictional facts under Rule 12(b)(1) may adduce evidence outside the pleadings. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). Moreover, the arguments Defendants have made based on the Revised Notice have clearly been made in good faith.

### C. Bogle is Dismissed

Last, Defendants argue the Court should dismiss Bogle, whom Plaintiff sued only in his personal capacity, because qualified immunity applies. "Qualified immunity shields federal and state officials from damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011). "Clearly established means that, at the time of the officer's conduct, the law was sufficiently clear that every

reasonable official would understand that what he is doing' is unlawful." *Liberian Cnty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 186 (2d Cir. 2020).

Plaintiff cannot show that "every reasonable official" would understand that Bogle violated the law by denying Plaintiff's application. *Id.* To date, not a single court has held that the City Rule or any of the Subsections are unconstitutional. To the contrary, the Second Circuit has recently recognized that shall-issue licensing regimes are presumptively constitutional. *Frey*, 157 F.4th at 140–42. Furthermore, the primary relief Plaintiff seeks in this lawsuit is a declaratory judgment that certain Subsections of the City Rule are unconstitutional. Such relief would be unnecessary were it already clearly established that a city employee applying those Subsections was acting unlawfully. Similarly, although Plaintiff claims Subsection H is unconstitutional, there can be little dispute that his driving history, as summarized on the Notice, is correctly described as "poor" and that Bogle cannot be said to have acted outside the City Rule in denying Plaintiff's application. *See* Revised Notice at 1. Accordingly, the Court dismisses Bogle from this lawsuit because he is entitled to qualified immunity.

## III.    PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION IS DENIED

Turning to Plaintiff's motion for a preliminary injunction, the motion is denied because Plaintiff has not shown a clear or substantial likelihood of success on the merits.

A preliminary injunction is an "extraordinary remedy." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). Before receiving this extraordinary remedy, a plaintiff must demonstrate:

> (1) that [he] has suffered an irreparable injury;
>
> (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
>
> (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

(4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Where, as here, a plaintiff challenges government action "taken in the public interest pursuant to a statutory or regulatory scheme," a court accords "deference to those regulations developed through reasoned democratic processes." *Bronx Household of Faith v. Bd. of Educ. of City of New York*, 331 F.3d 342, 349 (2d Cir. 2003). Because Plaintiff seeks injunctive relief that alters the status quo, he must also show a "clear or substantial likelihood of success on the merits." *North American Soccer League, LLC v. United States Soccer Federation, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018).

Meeting this burden requires Plaintiff to surmount a presumption that shall-issue licensing regimes are "presumptively constitutional" and articulate "what particular aspects of the challenged licensing regime are unconstitutional and why." *Frey*, 157 F.4th at 140. Furthermore, because Plaintiff seeks injunctive relief enjoining application of the challenged Subsections entirely, he needs to establish a clear or substantial likelihood they are facially invalid. *See Bucklew v. Precythe*, 587 U.S. 119, 138 (2019) ("A facial challenge is really just a claim that the law or policy at issue is unconstitutional in all its applications. So classifying a lawsuit as facial or as-applied affects the extent to which the invalidity of the challenged law must be demonstrated and the corresponding 'breadth of the remedy' . . . .").

Plaintiff has failed to meet this hurdle. He has not shown his challenges to Subsections A and N are not mooted by the Revised Notice, therefore cannot show a "substantial" likelihood of success regarding his challenge to either Subsection. Plaintiff has also not carried his burden of showing there are *no instances* that Subsection H could be applied constitutionally, nor even that it is unconstitutional as applied to him. The Second Amendment authorizes "the prohibition of firearm possession by persons identified by legislatures and courts as dangerous to others." *Antonyuk v. James*, 120 F.4th 941, 971 (2d Cir. 2024) ("*Antonyuk II*"). And it is easy to imagine

10

instances where, through their driving history, an individual has shown himself or herself to be a person who is "dangerous to others." Finally, the Court notes Subsections A, H, and N all seem rationally tied to dangerousness and share similarities with laws the Second Circuit has held are likely constitutional. *See Antonyuk II*, 120 F.4th at 980–81 (vacating a district court's enjoinment of the 'character requirement' and reasoning the requirement helps assess dangerousness); *Frey*, 157 F.4th at 141–43 (recognizing "a strong historical tradition of allowing localities to implement their own, often stricter, regulatory measures within their jurisdictions" and upholding a district court's determination that plaintiffs could not show a likelihood of success in their challenge to New York's open carry ban); *Giambalvo v. Suffolk Cnty., New York*, 155 F.4th 163, 176 (2d Cir. 2025) (determining plaintiffs could not show a likelihood of success in their challenges to multiple parts of New York's license application requirements).[4]

## CONCLUSION

For the foregoing reasons, the Court dismisses Defendant Hugh Bogle from this lawsuit and otherwise DENIES Defendants' motion to dismiss. Plaintiff's application for a preliminary injunction is DENIED.

Is it further ORDERED that:

(1) On or before **April 17, 2026**, Defendants shall file a supplemental 12(b)(1) motion explaining whether Plaintiff's challenge to Subsections A and G are mooted by the Revised Notice.

(2) Plaintiff shall respond by **May 1, 2026**; and

---

[4] Plaintiff argues that *Rahimi* requires a prior finding by a court that an individual poses a credible threat to the physical safety of another person before a state may deny a firearm license. *See* Dkt. No. 25 at 8. It does not. As the Second Circuit recently explained, *Rahimi* recognized legislatures could identify certain groups of people judged to be dangerous and prohibit them from possessing firearms. *Antonyuk II*, 120 F.4th at 971. Plaintiff also argues Defendants improperly shift the burden of proof onto Plaintiff. Dkt. No. 25 at 7. This argument ignores that, as the party seeking a preliminary injunction, <u>Plaintiff</u> bears the burden of showing a "substantial" likelihood of success on the merits. *eBay Inc.*, 547 U.S. at 391.

(3) Defendants shall reply by **May 8, 2026**.

The Court will issue an appropriate order for next steps in this action after resolving the

supplemental motion to dismiss.


Dated: March 30, 2026
       New York, New York


                                        SO ORDERED.


                                        _____
                                        MARGARET M. GARNETT
                                        United States District Judge

12